UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEATRICE BOLER, *et al.*,

      Plaintiffs,

                              Case No. 16-10323

v.

                              Hon. John Corbett O'Meara

DARNELL EARLY, *et al.*,

      Defendants.
_____/

## ORDER OF DISMISSAL FOR
## LACK OF SUBJECT MATTER JURISDICTION

After Plaintiffs filed a motion for preliminary injunction, the court held a status conference with the parties on March 23, 2016. At the conference, the parties indicated that they had come to an agreement regarding the preliminary injunction motion.[1] At that time, the court expressed concern regarding its ability to exercise jurisdiction and requested additional briefing from the parties, which has been provided. After reviewing the record and legal authority, the court concludes that it lacks jurisdiction over Plaintiffs' complaint.

---

[1] On April 7, 2016, the court received notice that the parties were unable to come to a final agreement regarding the injunction. As discussed below, however, the court lacks jurisdiction to consider Plaintiffs' motion for preliminary injunction.

## BACKGROUND FACTS

This action arises out of the water contamination crisis in Flint, Michigan. Plaintiffs have brought this case as a class action on behalf of purchasers of Flint water. The named plaintiffs are Flint residents Beatrice Boler, Pastor Edwin Anderson and Mrs. Alline Anderson, and EPC Sales, LLC, a Flint business. The defendants are Darnell Earley (former emergency manager of Flint); Gerald Ambrose (former emergency manager of Flint); Dayne Walling (former mayor of Flint); the City of Flint; Governor Snyder; the State of Michigan; the Michigan Department of Environmental Quality; and the Michigan Department of Health and Human Services.

Filed on January 31, 2016, Plaintiffs' complaint alleges the following causes of action: Count I, impairment of constitutional right to contract, 42 U.S.C. §1983; Count II, substantive and procedural due process, 42 U.S.C. §1983; Count III, state created danger, 42 U.S.C. §1983; Count IV, equal protection, 42 U.S.C. § 1983; Count V, deprivation of property interest, 42 U.S.C. § 1983; Count VI, conspiracy to deprive of constitutional right, 42 U.S.C. §1985; Count VII, breach of contract; Count VIII, unjust enrichment; Count IX, breach of implied warranty of merchantability; Count X, Michigan Consumer Protection Act; Count XI, conversion, and Count XII, gross negligence.

Plaintiffs claim that the City violated their constitutional rights and state law by providing contaminated water and requiring them to pay for it. Among other arguments, Defendants respond that Plaintiffs' constitutional claims under §1983 are precluded by the Safe Drinking Water Act, which provides Plaintiffs with a comprehensive scheme of remedies, or by the availability of a state law breach of contract action.

## LAW AND ANALYSIS

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Here, subject matter jurisdiction is predicated on 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiffs' federal claims allege constitutional violations pursuant to 42 U.S.C. § 1983. Defendants argue, however, that Plaintiffs' constitutional claims are precluded by the Safe Drinking Water Act, leaving the complaint devoid of federal causes of action.

"When the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983." Middlesex Cty. Sewarage Authority v. National

Sea Clammers Assn., 453 U.S. 1, 20 (1981).  In Sea Clammers, the Court found

that the Federal Water Pollution Control Act (FWPCA) and the Marine Protection,

Research, and Sanctuaries Act of 1972 (MPRSA), contained comprehensive

enforcement mechanisms.  The Court held that these enforcement schemes

demonstrated Congress's intent "to supplant any remedy that otherwise would be

available under § 1983." Id. at 21.

Relying on Sea Clammers, the First Circuit in Matoon v. Pittsfield, 980 F.2d

1 (1st Cir. 1992), found that the Safe Drinking Water Act (SDWA) precluded other

federal remedies for unsafe public drinking water.  In Matoon, the plaintiffs were

residents who allegedly contracted giardiasis from drinking contaminated water

supplied by the City of Pittsfield, Massachusetts.  They alleged a breach of

warranty claim, a "public nuisance" claim under federal common law, a claim

under 42 U.S.C. § 1983, and a SDWA claim.

The Matoon court found the federal common law nuisance claim to be

preempted by the SDWA, because "Congress occupied the field of public drinking

water regulation with its enactment of the SDWA." Matoon, 980 F.2d at 4.

Quoting the legislative history, the court noted that the purpose of the SDWA "is to

assure that water supply systems serving the public meet minimum *national*

*standards* for protection of public health." Id. (citations omitted).  With minor

exceptions, the SDWA applies "to each public water system in each State." Id. at 4 (quoting 42 U.S.C. §300g). The SDWA enables the Administrator of the Environmental Protection Agency to "publish maximum contaminant level goals and promulgate national primary drinking water regulations." Id. (quoting 42 U.S.C. §300g-1(b)(1). After reviewing, the regulatory scheme, the First Circuit concluded that "the SDWA evinces a clear congressional intent to entrust the regulation of the public drinking water systems to an expert regulatory agency rather than the courts." Matoon, 980 F.2d at 4-5. The court determined that, as a result, the federal common law nuisance claim was preempted by the SDWA.

The Matoon court further determined that the plaintiffs' § 1983 claims were precluded by the SDWA as well. The court noted the "elaborate enforcement scheme" set forth in the SDWA, including that the EPA Administrator may bring a civil action to compel SDWA compliance and may issue compliance orders against violators of SDWA regulations. Id. at 5-6 (citing 42 U.S.C. § 300g-3(b) and § 300g-3(b)(1)). In addition, citizens may initiate enforcement proceedings against SDWA violators and against the EPA Administrator for failure to perform any non-discretionary duty under the SDWA. See id.; 42 U.S.C. § 300j-8.

As the court explained, because "the SDWA enforcement scheme is closely analogous to other enforcement schemes found sufficiently comprehensive to

evince a clear congressional intent to preempt relief under section 1983, we hold that appellants' section 1983 claims are preempted by the SDWA." Matoon, 980 F.2d at 6.  "Comprehensive federal statutory schemes, such as the SDWA, preclude rights of action under section 1983 for alleged deprivations of constitutional rights in the field occupied by the federal statutory scheme." Id.  See also Sea Clammers, 453 U.S. at 21 (FWPCA and MPRSA supplant remedies under § 1983); Smith v. Robinson, 468 U.S. 992 (1984) (Education of Handicapped Act provides exclusive remedy even when plaintiffs assert constitutional claims); Zombro v. Baltimore City Police Dept., 868 F.2d 1364 (4th Cir.), cert. denied, 493 U.S. 850 (1989) (ADEA, not § 1983, is exclusive remedy for age discrimination claims under federal law).

Plaintiffs argue that they are not suing under the SDWA and that their constitutional claims do not rely upon alleged SDWA violations, citing Rietcheck v. City of Arlington, 2006 WL 37843 (D. Or. Jan. 4, 2006).  In Rietcheck, a case involving contaminated drinking water, the court concluded that "the SDWA preempts § 1983 claims brought to enforce the SDWA's requirements." Id. at *3. The court allowed the plaintiffs' other § 1983 claim to proceed, however, reasoning that the plaintiffs "bring their First Claim under § 1983 to enforce their constitutional rights to be free from state-created danger, which is an entirely

different kind of claim and is only tangentially related to safe drinking water." This reasoning is not persuasive; the "state-created danger" the plaintiffs complained of was not "tangentially" related to safe drinking water, it solely about safe drinking water. See Rietcheck, 2006 WL 37843 at *4 (plaintiffs allege defendants "knowingly allowed a contaminated water source to be hooked up to Plaintiffs' household water supply"). The label does not change the substance of the plaintiffs' claims.

Indeed, here the crux of each of Plaintiffs' constitutional claims is that they have been deprived of "safe and potable water." See, e.g., Compl. at ¶¶ 1, 50, 54, 59 (Defendants "knowingly, recklessly and callously exposed Plaintiffs to toxic and contaminated water unfit for human use and consumption."), 65, 71. Plaintiffs' allegations are addressed by regulations that have been promulgated by the EPA under the SDWA. See, e.g., 40 C.F.R. § 141.11 (regulating maximum contaminant levels); 40 C.F.R. § 141.31 *et seq.* (reporting and record keeping); 40 C.F.R. § 141.60 *et seq.* (maximum contaminant and residual disinfectant levels); 40 C.F.R. § 141.80 *et seq.* (control of lead and copper/corrosion control/lead service line replacement requirements); 40 C.F.R. § 141.110 (regulating treatment techniques). In addition, the safety of public water systems is a field occupied by the SDWA. Matoon, 980 F.2d at 4. Accordingly, Plaintiffs' *federal* remedy is

under the SDWA, regardless of how their legal theories are framed in the complaint. See also Zombro, 868 F.2d at 1368-69 (plaintiff's § 1983 claim preempted by the ADEA, even though plaintiff did not attempt to assert an ADEA claim).

Plaintiffs are also able to seek relief under state law. See 42 U.S.C. §300j-8(e) ("Nothing in this section shall restrict any right which a person (or class of persons) may have under any statute or common law to seek enforcement of any requirement prescribed by or under this subchapter or to seek any other relief."). For the purpose of federal question jurisdiction under 28 U.S.C. § 1331, however, a federal claim is required. Because Plaintiffs are unable to seek relief under § 1983, and have not asserted a claim under the SDWA, only state claims remain. Accordingly, the court finds that it lacks subject matter jurisdiction over Plaintiffs' complaint.

## ORDER

IT IS HEREBY ORDERED that Plaintiffs' complaint is DISMISSED for lack of subject matter jurisdiction.

s/John Corbett O'Meara
United States District Judge

Date:  April 19, 2016

-8-

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, April 19, 2016, using the ECF system.

s/William Barkholz
Case Manager